**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY HILL,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-558**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**PUBLIC UTILITIES COMMISSION OF OHIO (PUCO),** ***et al.*****,**

**Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Anthony Hill, an Ohio resident proceeding without the assistance of counsel, sues Defendants, Public Utilities Commission of Ohio ("PUCO"), American Electric Power Service Corporation ("AEP"), and several attorneys and judges in connection with a billing dispute with AEP. This matter is before the Court on Plaintiff's request to file a civil action *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under

§ 1915(e)(2)(B) for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that when he opened a new account for electricity service with AEP in 2024, AEP erroneous applied part of Plaintiff's deposit to a different account with which Plaintiff had no association. This resulted in damage to Plaintiff's credit and a shutoff of his electricity service. Plaintiff filed a complaint with PUCO, which led to a settlement hearing before a PUCO administrative law judge in which Plaintiff felt intimidated and coerced and which afforded him no relief. Plaintiff then filed suit in the Franklin County Court of Common Pleas against AEP and PUCO. The state court dismissed Plaintiff's complaint without prejudice for lack of subject-matter jurisdiction, finding that his claims fell under the exclusive jurisdiction of PUCO under *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St. 3d 301 (2008).[1]

Three months later, Plaintiff commenced this action in the United States District Court for the District of Columbia. (ECF No. 1.) The case was subsequently transferred to this Court on May 7, 2026. (ECF No. 9.) Plaintiff's Complaint in this action repeats his claims against AEP and PUCO arising from the allegedly misapplied deposit, and also names PUCO Administrative Law Judge Jesse Davis, Franklin County Court of Common Pleas Judge Mark Serrott, Franklin County Clerk of Court Maryellen O'Shaughnessy, and six attorneys representing AEP or PUCO in the state court proceedings: Jason T. Gerken, Alexis R. Pannell, Michael J. Schuler, Thomas G. Lindgren, Ashley M. Wnek, and Carrie Dunn-Lucco. Plaintiff alleges that Defendants conspired "to use the machinery of state administrative proceedings and the court system to

---

[1] This Court properly takes judicial notice of the documents in Plaintiff's state-court action pursuant to Federal Rule of Evidence 201(b). *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings . . . .").

conceal" "fraudulent charge-offs, false reporting, concealment of refunds, misuse of federal tax credits, and obstruction of judicial process." (Compl. ¶ 14, ECF No. 1.) Plaintiff further alleges that Defendants engaged "in official acts (disabling e-filing, docket manipulation, preventing entry of final appealable order) that denied Plaintiff due process and access to the courts." (*Id.* at ¶ 26.) Plaintiff advances claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO"), violation of the False Claims Act, 31 U.S.C §§ 3729, *et seq.* ("FCA"), violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), state-law conversion and unjust enrichment, violation of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983, and for referral of Defendants for prosecution by the United States Department of Justice. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages and attorney's fees.

## II. STANDARD OF REVIEW

### A. Failure to State a Claim on which Relief May be Granted

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of certain of his claims because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## III. ANALYSIS

All of Plaintiff's claims must be dismissed. First, to the extent that Plaintiff seeks redress for AEP's misapplication of his deposit and PUCO's allegedly inadequate handling of his complaint, this Court lacks jurisdiction to hear those claims because they fall under the exclusive jurisdiction of PUCO. *See* Ohio Rev. Code § 4905.26 (conferring exclusive jurisdiction on PUCO for any complaints against a public utility that "any rate, fare, charge, toll, rental, schedule, classification, or service . . . is in any respect unjust, unreasonable, unjustly

discriminatory, unjustly preferential, or in violation of law"); *Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.*, 119 Ohio St.3d 301, 302 (2008) (PUCO has exclusive jurisdiction over public utility service-related matters apart from pure tort and contract claims). This disposes of Plaintiff's claims for violation of the FCA, FCRA, and FDCPA, and for conversion and unjust enrichment.

Further, Plaintiff fails to state a claim under RICO. A plaintiff seeking to advance a civil RICO claim "must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex* Co., 473 U.S. 479, 496 (1985)). Further, any such claim must allege an illicit agreement "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1261 (6th Cir. 1983)). A plaintiff advancing a civil RICO claim must also allege injury to business or property. *See* 18 U.S.C. § 1964(c). Here, Plaintiff's civil RICO claims lack the factual specificity required under *Iqbal*. Although Plaintiff makes stray references to mail fraud, wire fraud, and evidence tampering, these references are conclusory and unsupported by any facts on which the Court could rely to conclude that Defendants comprised an enterprise engaged in a pattern of racketeering activity.

Nor does Plaintiff state a Fourteenth Amendment procedural due process claim under § 1983. "The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law." *Johnson v. Morales*, 946 F.3d 911, 921 (6th Cir. 2020) (citing U.S. Const. amend. XIV, § 1). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v.*

*Austin,* 545 U.S. 209, 221 (2005). Thus, the procedural due process analysis involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460 (1989) (citations omitted). "In other words, the question of what process is due is relevant only if the [plaintiff] establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 364 F. App'x 221, 224 (6th Cir. 2010) (citing *Wilkinson*, 545 U.S. at 224). Here, Plaintiff alleges no deprivation of liberty. To the extent that Plaintiff relies on a property interest, he fails to plausibly allege the inadequacy of available state remedies (such as his settlement hearing before PUCO). Although Plaintiff alleges that he felt "intimidated" and "coerced" at the "sham" settlement hearing before Defendant Davis, Plaintiff fails to support these allegations with any facts on which the Court could rely to conclude that PUCO's administrative proceedings failed to provide Plaintiff with an adequate remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984); *cf. Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury.").

Plaintiff's § 1983 First Amendment access-to-courts claim fares no better. To state a claim for violation of that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be

frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415. Here, Plaintiff cannot demonstrate actual injury because—even if true that state-court staff disabled Plaintiff's e-filing access, manipulated the docket, or prevented entry of a final appealable order—Plaintiff's state-court action would still have been subject to dismissal owing to PUCO's exclusive jurisdiction over service-related claims against public utilities. The essential nature of Plaintiff's claims meant that Plaintiff's state-court action could never succeed. Defendants' conduct therefore did not deprive Plaintiff of any court-afforded remedy.

As to Plaintiff's request that Defendants be criminally prosecuted, Plaintiff lacks standing to obtain this relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 900 F.3d 250, 255 (6th Cir. 2018) ("a plaintiff must demonstrate standing for each claim he seeks to press" and "a plaintiff must demonstrate standing separately for each form of relief sought") (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

Finally, it should be noted that Judge Serrott is entitled to absolute immunity from civil liability. Judges are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). The Complaint contains no facts on which the Court could rely to conclude that the exceptions to judicial immunity apply to Judge Serrott's conduct. Administrative Law Judge Jesse Davis may also be entitled to immunity; however, the Court is not presently in possession of the facts necessary to determine whether PUCO administrative proceedings "share[ ] enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Butz v. Economou*, 438 U.S. 478, 513 (1978).

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. In addition, for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2)(B) for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted.

Prior to this case's transfer from the District Court for the District of Columbia, Plaintiff filed two motions related to his use of a P.O. box for receiving service of court filings (which is prohibited without leave of court under the local rules of the District Court for the District of Columbia). Because using a P.O. box is not prohibited in the Southern District of Ohio, Plaintiff's motions (ECF Nos. 6–7) are **DENIED AS MOOT**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE